**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF MISSOURI
CENTRAL DIVISION**

C.J. STEWART, Register No. 182472,    )
                                          )
                  Plaintiff,        )
                                          )
                      v.         )      No. 08-4211-CV-C-NKL
                                          )
DR. THOMAS BAKER, et al.,         )
                                          )
                  Defendants.    )

## REPORT AND RECOMMENDATION

Plaintiff, an inmate confined in a Missouri penal institution, brought this case under the Civil Rights Act of 1871, 42 U.S.C. § 1983, and its corresponding jurisdictional statute, 28 U.S.C. § 1343. It was then referred to the undersigned United States Magistrate Judge for processing in accord with the Magistrate Act, 28 U.S.C. § 636, and L.R. 72.1.

On October 29, 2008, defendants filed a motion to dismiss for plaintiff's failure to exhaust his administrative remedies prior to filing this lawsuit. Plaintiff did not respond in opposition to the motion, although he has had considerable time to do so.

In suggestions supporting their motion, defendants note plaintiff used the grievance process but did not do so in a timely manner. Plaintiff had seven days to file his grievance after receiving a response to his informal resolution request. Plaintiff received his response, but did not file a grievance until 22 days later. Although the results may seem harsh in this case, the court is constrained by the statutes and case law addressing exhaustion of administrative remedies.

Section 1997(e)(a) of title 42, United States Code, provides that "[n]o action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." Exhaustion of all administrative remedies as set forth by the Missouri Department of Corrections Offender Grievance Procedures must be completed prior to a prisoner filing suit. See Johnson v. Jones, 340 F.3d 624, 628 (8th

Cir. 2003) (dismissal is required under section 1997e(a) if an inmate has failed to exhaust all available administrative remedies *prior* to filing suit). When multiple prison conditions claims have been joined, the plain language of section 1997e(a) requires that all available prison grievance remedies must be exhausted as to all claims on which a prisoner is seeking relief. Graves v. Norris, 218 F.3d 884, 885 (8th Cir. 2000) (per curiam). Exhaustion of all administrative remedies means that a prisoner must use all steps that the Department of Corrections requires and must follow such steps properly. Woodford v. Ngo, 548 U.S. 81 (2006) (section 1997e(a) requires proper exhaustion of administrative remedies). A prisoner must complete the administrative review process in accordance with applicable procedural rules, including deadlines, as a precondition to bringing suit in federal court. Id.

In this case, plaintiff does not appear to disagree with defendants' assertion that he did not timely file his grievance. Accordingly, it is

RECOMMENDED that defendants' motion of October 29, 2008, be granted and plaintiff's claims be dismissed, pursuant to 42 U.S.C. § 1997e(a), for failure to exhaust administrative remedies.

Under 28 U.S.C. § 636(b)(l), the parties may make specific written exceptions to this recommendation within twenty days. The District Judge will consider only exceptions to the specific proposed findings and recommendations of this report. Exceptions should not include matters outside of the report and recommendation. Other matters should be addressed in a separate pleading for consideration by the Magistrate Judge.

The statute provides for exceptions to be filed within ten days of the service of the report and recommendation. The court has extended that time to twenty days, and thus, additional time to file exceptions will not be granted unless there are exceptional circumstances. Failure to make specific written exceptions to this report and recommendation will result in a waiver of the right to appeal. See L.R. 74.1(a)(2).

Dated this 7th day of April, 2009, at Jefferson City, Missouri.

/s/ *William A. Knox*

WILLIAM A. KNOX
United States Magistrate Judge

2